UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| MEGAN BETZ and ROBIN BETZ, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　　vs.<br><br>FALLS COLLECTION SERVICE INC. d/b/a FINANCIAL CONTROL SOLUTIONS,<br><br>　　　　　Defendant. | Case No.: 17-cv-1474<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## **INTRODUCTION**

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA") and the Wisconsin Consumer Act, Ch. 421-427, Wis. Stats.

## **JURISDICTION AND VENUE**

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337, and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## **PARTIES**

3. Plaintiff Megan Betz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff Robin Betz is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

5. Each plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him or her a debt allegedly incurred for personal, family, or household purposes.

6. Each plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt arose from consumer credit transactions.

7. Defendant Falls Collection Service Inc. ("FCS") is a domestic business corporation with its principal place of business located at N114W19225 Clinton Dr, Germantown, Wisconsin 53022.

8. FCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

9. FCS is licensed as a "Collection Agency" under Wis. Stat. § 218.04 and Wis. Admin. Code Ch. DFI-Bkg 74.

10. FCS is engaged in the business of collecting debts owed to others and incurred for personal, family, or household purposes. FCS is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

11. On or about April 14, 2017, FCS mailed a debt collection letter to Plaintiffs regarding alleged an alleged debt owed to "DRS. STIGLITZ & YOUNG, SC" ("Drs. Stiglitz & Young"). A copy of this letter is attached to this complaint as Exhibit A.

12. The alleged debt in Exhibit A was allegedly incurred for personal, family, or household purposes, namely medical services.

13. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

14. Upon information and belief, Exhibit A is a form debt collection letter used by ICS to attempt to collect alleged debts.

15. Upon information and belief, Exhibit A is the first written communication that FCS sent to Plaintiff regarding the alleged debt to which Exhibit A refers.

2

16. <u>Exhibit A</u> contains the debt validation notice that the FDCPA requires to be included with the initial written communication to the consumer. 15 U.S.C. § 1692g(a).

17. <u>Exhibit A</u> also contains the following:

```
Account Number:     10289B
Balance Due:        $1285.80
```

<u>Exhibit A</u>.

18. <u>Exhibit A</u> also contains the following:

```
    CREDITOR NAME                 ACCOUNT #            BALANCE

DRS. STIGLITZ & YOUNG, SC        ▇▇89B               $879.00
DRS. STIGLITZ & YOUNG, SC        ▇▇91B               $406.80
                                 Total Due:         $1285.80
```

<u>Exhibit A</u>.

19. <u>Exhibit A</u> also contains the following:

```
IF YOU WISH TO PAY BY CREDIT CARD, CIRCLE ONE AND FILL IN THE INFORMATION BELOW.
                         MasterCard      VISA

CARD NUMBER                                      EXP. DATE

CARD HOLDER NAME                                 CVV

SIGNATURE                              AMOUNT PAID

STATEMENT DATE         ACCOUNT #        PAY THIS AMOUNT
  4/14/2017             ▇▇89B              $1285.80
```

<u>Exhibit A</u>.

20. On the face of <u>Exhibit A</u>, it is unclear whether the $1,285.80 balance that Plaintiff allegedly owes Drs. Stiglitz & Young is owed for the account ending in "89B" or is the total balance for the two accounts listed.

3

21. The itemized breakdown suggests the balance is a total balance for both accounts but the letter's header and payment remittance slip suggest the balance is the balance for the account ending in "89B" only.

22. It is unclear whether Plaintiffs would still allegedly owe Drs. Stiglitz & Young $406.80, or some other amount, to resolve the account ending in "91B."

23. Additionally, Exhibit A also contains the following:

> **Important Notice! Check Acceptance Policy**
>
> If you pay this invoice by check and your check is returned to us, it may be re-presented electronically and your account will be debited for the amount of the check. Your account will also be debited for a Returned Check Fee of $35.00. By signing your check and mailing it to us you are agreeing to this policy. If you do not want this to happen, please arrange to pay by means other than check.
>
> **This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.**

Exhibit A.

24. The policies and procedures of licensed collection agencies are governed, in part, by Wis. Admin. Code Ch. DFI-Bkg 74 ("Collection Agencies").

25. With specifically enumerated exceptions, a licensed collection agency "may not charge the debtor any fee, handling charge, mileage costs or other out-of-pocket expenses incurred in the collection of an account." Wis. Admin. Code § DFI-Bkg 74.11(2)(a).

26. As relating to checks returned to the licensee for any reason, including checks returned for not-sufficient funds ("NSF checks"), licensed collection agencies may charge "actual charges assessed by a financial institution . . . provided the charge is not the result of a licensee prematurely depositing a post-dated check." Wis. Admin. Code § DFI-Bkg 74.11(2)(b).

27. Upon information and belief, no financial institution imposes a charge of $35.00 or greater on FCS each time a check is returned.

28. Plaintiff was confused by Exhibit A.

29. The unsophisticated consumer would be confused by Exhibit A.

4

30. Plaintiff had to spend time and money investigating Exhibit A and the consequences of any potential responses to Exhibit A.

31. Plaintiff had to take time to obtain and meet with counsel, including travel to counsel's office by car and its related expenses (including but not limited to the cost of gasoline and mileage), to advise Plaintiff on the consequences of Exhibit A.

## Violations of the FDCPA and WCA

32. The FDCPA creates substantive rights for consumers; violations cause injury to consumers, and such injuries are concrete and particularized. *Bock v. Pressler & Pressler, LLP*, No. 11-7593, 2017 U.S. Dist. LEXIS 81058 *21 (D.N.J. May 25, 2017) ("through [s]ection 1692e of the FDCPA, Congress established 'an enforceable right to truthful information concerning' debt collection practices, a decision that 'was undoubtedly influenced by congressional awareness that the intentional provision of misinformation' related to such practices, 'contribute[s] to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy,"); *Quinn v. Specialized Loan Servicing, LLC*, No. 16 C 2021, 2016 U.S. Dist. LEXIS 107299 *8-13 (N.D. Ill. Aug. 11, 2016) (rejecting challenge to Plaintiff's standing based upon alleged FDCPA statutory violation); *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 U.S. Dist. LEXIS 89258 *9-10 (N.D. Ill. July 11, 2016) ("When a federal statute is violated, and especially when Congress has created a cause of action for its violation, by definition Congress has created a legally protected interest that it deems important enough for a lawsuit."); *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 U.S. App. LEXIS 12414 *7-11 (11th Cir. July 6, 2016) (same); *see also Mogg v. Jacobs*, No. 15-CV-1142-JPG-DGW, 2016 U.S. Dist. LEXIS 33229, 2016 WL 1029396, at *5 (S.D. Ill. Mar. 15, 2016) ("Congress does have the power to enact statutes creating legal rights, the invasion of

which creates standing, even though no injury would exist without the statute," (quoting *Sterk v. Redbox Automated Retail, LLC*, 770 F.3d 618, 623 (7th Cir. 2014)). For this reason, and to encourage consumers to bring FDCPA actions, Congress authorized an award of statutory damages for violations. 15 U.S.C. § 1692k(a).

33. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

34. 15 U.S.C. § 1692e generally prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

35. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

36. 15 U.S.C. § 1692e(10) also prohibits any "false representation or deceptive means to collect or attempt to collect any debt."

37. 15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect any debt."

38. 15 U.S.C. § 1692f(1) specifically prohibits "the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

39. 15 U.S.C. § 1692g states:

6

a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(1) the amount of the debt;

40. The Seventh Circuit has held that a debt collector must state the correct amount of the debt on the date a letter is sent to a consumer. *Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C.*, 214 F.3d 872, 875 (7th Cir. 2000):

> It is no excuse that it was "impossible" for the defendants to comply when as in this case the amount of the debt changes daily. What would or might be impossible for the defendants to do would be to determine what the amount of the debt might be at some future date if for example the interest rate in the loan agreement was variable. What they certainly could do was to state the total amount due--interest and other charges as well as principal--on the date the dunning letter was sent. We think the statute required this.

41. While *Miller* addressed a debt collector's obligation to provide the amount of the debt under 15 U.S.C. § 1692g(a)(1), the Seventh Circuit has held that the standards for claims under § 1692e and § 1692g are the same. *McMillan v. Collection Professionals, Inc.*, 455 F.3d 754, 759 (7th Cir. 2006).

> We cannot accept the district court's view that claims brought under § 1692e or § 1692f are different from claims brought under § 1692g for purposes of Rule 12(b)(6) analysis. Whether or not a letter is 'false, deceptive, or misleading' (in violation of § 1692e) or 'unfair or unconscionable' (in violation of § 1692f) are inquiries similar to whether a letter is confusing in violation of § 1692g. After all, as our cases reflect, the inquiry under §§ 1692e, 1692g and 1692f is basically the same: it requires a fact-bound determination of how an unsophisticated consumer would perceive the letter.")

42. Wis. Stat. § 427.104(1) states, in pertinent part, that "a debt collector may not . . . claim, or attempt or threaten to enforce a right with knowledge or reason to know that the right

7

does not exist [or] threaten action against the customer unless like action is taken in regular course or is intended with respect to the particular debt." § 427.104(1)(j) and (L).

## COUNT I – FDCPA

43. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

44. The language in Exhibit A is false, misleading and confusing to the unsophisticated consumer, in that the language fails to state the amount of debt in a non-confusing way.

45. Defendant's misrepresentation is a material false statement. Failure to state the amount of the debt is conduct that Congress has expressly made a violation of the FDCPA. 15 U.S.C. § 1692e(2)(a).

46. Failure to provide an accurate amount of the debt is also a "false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

47. Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(2)(a), 1692e(10), 1692g(a)(1).

## COUNT II – FDCPA

48. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

49. The reference in Exhibit A to a $35.00 returned check fee is false, misleading, and confusing.

50. Defendant threatened to impose a returned check fee in excess of the actual charges assessed by its financial institution in cases of returned checks.

51. Defendant's misrepresentation of the amounts it would attempt to collect in the event a check is returned is an unfair and/or unconscionable method by which to try and collect an alleged debt.

52. The unsophisticated consumer would be confused and misled by the statement that FCS would impose a $35.00 charge for each returned check and would be unsure whether that charge would be legitimate.

53. Defendant has therefore violated 15 U.S.C. §§ 1692e, 1692e(10), 1692f, and 1692f(1).

## COUNT III – WCA

54. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

55. The reference in Exhibit A to a $35.00 returned check fee is false, deceptive, misleading and confusing.

56. Defendant threatened to add a $35.00 returned check fee, which exceeds the fees actually charged by its financial institution, even though FCS had no right to do so.

57. Defendant threatened to add a $35.00 returned check fee, which exceeds the fees actually charged by its financial institution, even though FCS does not add these fees to accounts like Plaintiff's in regular course and did not intend to do so with respect to the particular debt.

58. Defendant violated Wis. Stat. § 427.104(j) and (L).

## CLASS ALLEGATIONS

59. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin, (b) who were sent a collection letter in the form represented by Exhibit A to the Complaint in this action, (c) seeking to collect a debt for personal, family or

9

household purposes, (d) Between October 26, 2016 and October 26, 2017, (e) that was not returned by the postal service.

60. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

61. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with the FDCPA and the WCA.

62. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

63. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

64. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

65. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: October 26, 2017

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Jesse Fruchter (SBN 1097673)
Ben J. Slatky (SBN 1106892)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
jblythin@ademilaw.com
meldridge @ademilaw.com
jfruchter@ademilaw.com
bslatky@ademilaw.com